# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

NAKEYLA SHERIDAN,

    Plaintiff,

vs.

LVNV FUNDING LLC; MESSERLI & KRAMER, P.A.

    Defendants

Case No.: TBA

COMPLAINT & JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Nakeyla Sheridan ("Plaintiff"), appearing pro se, alleges as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over related Wisconsin state-law claims under 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Milwaukee County, Wisconsin.

### II. PARTIES

5. Plaintiff Nakeyla Sheridan is a natural person residing in Milwaukee County, Wisconsin, and is a "consumer" under 15 U.S.C. § 1692a(3).

6. Defendant LVNV Funding LLC is a debt buyer engaged in purchasing and collecting charged-off consumer debts and is a "debt collector" under 15 U.S.C. § 1692a(6).

7. Defendant Messerli & Kramer, P.A. is a law firm that regularly engages in consumer debt collection litigation on behalf of LVNV and is a "debt collector" under 15 U.S.C. § 1692a(6).

### III. FACTUAL ALLEGATIONS

8. On or about June 2, 2021, Defendants filed LVNV Funding LLC v. Nakeyla Sheridan, Case No. 2021SC012903, in Milwaukee County Circuit Court.

9. The state complaint alleged Plaintiff owed $1,283.13 on a Credit One Bank account ending in 9394.

10. The complaint represented that LVNV was the lawful owner and successor in interest to the debt.

11. The complaint did not attach:

    a. A signed contract;
    b. A complete chain of assignment;
    c. An authenticated bill of sale identifying Plaintiff's account;
    d. Admissible evidence establishing ownership at the time of filing.

12. Despite the absence of competent proof, Defendants pursued litigation and obtained judgment.

13. Defendants also furnished information concerning the alleged debt to one or more consumer reporting agencies.

14. Plaintiff disputed the accuracy and legal validity of the reported debt through at least one credit bureau.

15. Upon information and belief, the credit bureau transmitted notice of the dispute to Defendants pursuant to 15 U.S.C. § 1681i(a)(2).

16. Defendants continued reporting the account as valid and owned by LVNV.

17. Plaintiff suffered credit damage, emotional distress, and financial harm.

### IV. CAUSES OF ACTION

US DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 MAY -5 A 9:41

CLERK OF COURT

## COUNT I FDCPA – False Representation of Legal Status 15 U.S.C. § 1692e

18. Plaintiff incorporates all prior paragraphs.

19. Section 1692e prohibits false, deceptive, or misleading representations in connection with the collection of a debt.

20. Filing a lawsuit without possessing admissible evidence of ownership constitutes a misrepresentation of the legal status of the debt.

See **McCollough v. Johnson, Rodenburg & Lauinger, LLC**, 637 F.3d 939, 948–49 (9th Cir. 2011).

See **Currier v. First Resolution Inv. Corp.**, 762 F.3d 529, 535–36 (6th Cir. 2014).

21. By filing suit without competent proof of assignment, Defendants violated § 1692e.

## COUNT II FDCPA – False Representation of Character, Amount, or Legal Status 15 U.S.C. § 1692e(2)(A)

22. Plaintiff incorporates all prior paragraphs.

23. Section 1692e(2)(A) prohibits false representations concerning the character, amount, or legal status of a debt.

24. Defendants represented LVNV was legally entitled to collect the debt.

25. Defendants lacked admissible evidence proving ownership and standing at the time of filing.

26. Such representation constitutes a violation of § 1692e(2)(A).

## COUNT III FDCPA – Unfair and Unconscionable Means 15 U.S.C. § 1692f

27. Plaintiff incorporates all prior paragraphs.

28. The FDCPA applies to attorneys engaged in litigation.

See **Heintz v. Jenkins**, 514 U.S. 291 (1995).

29. Using litigation without evidentiary support is subject to FDCPA scrutiny.

See **Phillips v. Asset Acceptance, LLC**, 736 F.3d 1076 (7th Cir. 2013).

30. Defendants' conduct was unfair and unconscionable under § 1692f.

## COUNT IV FDCPA – Collection of Unauthorized Amounts 15 U.S.C. § 1692f(1)

31. Plaintiff incorporates all prior paragraphs.

32. Section 1692f(1) prohibits collection of any amount not expressly authorized by contract or permitted by law.

33. Defendants sought attorney's fees and costs without attaching contractual provisions authorizing such fees.

34. Demanding fees without legal authorization violates § 1692f(1).

See **Fields v. Wilber Law Firm, P.C.**, 383 F.3d 562 (7th Cir. 2004).

See **Kaymark v. Bank of Am., N.A.**, 783 F.3d 168 (3d Cir. 2015).

## COUNT V FCRA – Failure to Conduct Reasonable Investigation 15 U.S.C. § 1681s-2(b)

35. Plaintiff incorporates all prior paragraphs.

36. After receiving notice of dispute from a consumer reporting agency, Defendants were required to conduct a reasonable investigation.

37. A furnisher's investigation must be reasonable in light of the dispute.

See **Westra v. Credit Control of Pinellas**, 409 F.3d 825 (7th Cir. 2005).

See **Frazier v. Dovenmuehle Mortg., Inc.**, 72 F.4th 769 (7th Cir. 2023).

38. Defendants continued reporting the debt as valid without verifying legal ownership or admissible proof.

39. Reporting a debt as valid while lacking proof of ownership renders reporting materially misleading.

See **Gorman v. Wolpoff & Abramson, LLP**, 584 F.3d 1147 (9th Cir. 2009).

40. Defendants acted negligently and/or willfully.

41. Reckless disregard qualifies as willful under FCRA.

See **Safeco Ins. Co. of America v. Burr**, 551 U.S. 47 (2007).

## COUNT VI Abuse of Process (Wisconsin Law)

42. Plaintiff incorporates all prior paragraphs.

43. Abuse of process occurs when legal process is used for a purpose other than that for which it was designed.

See **Wisconsin v. Gibbons**, 71 Wis. 2d 94 (1976).

44. Defendants misused litigation procedures to obtain judgment without evidentiary proof.

## DAMAGES

45. Plaintiff has suffered:

    a. Emotional distress;
    b. Credit damage;
    c. Financial harm;
    d. Reputational injury.

46. Under 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages, actual damages, and costs.

47. Under 15 U.S.C. §§ 1681n and 1681o, Plaintiff is entitled to actual damages, statutory damages (if willful), punitive damages, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Statutory damages under the FDCPA;
B. Actual damages under the FDCPA and FCRA;
C. Punitive damages under the FCRA for willful violation;
D. Costs of suit;
E. Trial by jury;
F. Any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury pursuant to Fed. R. Civ. P. 38.

Date: 05/05/2026

**Respectfully submitted,**

**/s/ Nakeyla Sheridan**
Nakeyla Sheridan
4458 N 64th St
Milwaukee, WI 53218
414-458-3074
ncsheridan@icloud.com

# COMPLAINT & JURY TRIAL DEMANDED - 1